UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATI A. RODRIGUEZ and MARCOS
RODRIGUEZ, as parents and natural
guardians of A. Rodriguez and C.
Rodriguez, minors,

      Plaintiffs,

v.                                              Case No. 8:23-cv-00726-WFJ-AEP

GEICO GENERAL INSURANCE COMPANY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff's Unopposed Sealed Motion to Authorize Settlement Agreement (Doc. 68). For the reasons stated herein, it is recommended that the motion be granted.

**I.    Background**

This is a personal injury action arising from a motor vehicle accident that occurred on September 30, 2017. At the time of the accident, minors A.R. and C.R. were passengers in vehicle that was rear-ended by nonparty Loren John Mincey and suffered injury. On April 3, 2023, Plaintiffs Kati Rodriguez and Marcos Rodriguez, as parents and natural guardians of A.R. and C.R., filed a Complaint on their behalf against Defendant GEICO General Insurance Company for uninsured motorist benefits (Doc. 1). On July 26, 2024, the Parties filed a Notice of Settlement (Doc.

59). Plaintiffs now move unopposed for this Court's approval of the settlement agreement (Doc. 68).

## II.     Legal Standard

Pursuant to § 744.387, court approval of a settlement agreement involving a minor requires a determination that "the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion between the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (quotations omitted). "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14-cv-1997-Orl-18KRS, 2016 WL 2647689, at *2 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016) (quoting *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013)).

Furthermore, under Florida law, it must be determined whether the appointment of a guardian ad litem should be required to protect the minors' interests. *See* Fla. Stat. § 744.3025(1)(a). However, the Eleventh Circuit has held that "[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Casualty Ins. Co.*, 256 F.2d 35,

38 (5th Cir. 1958)). "[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether guardian ad litem should be appointed." *Id.* "When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest." *Caraballo-Ramos v. United States*, No. 6:21-cv-2168-CEM-EJK, 2023 WL 8622071, at *2 (M.D. Fla. July 17, 2023), *report and recommendation adopted*, 2023 WL 8622069 (M.D. Fla. Sept. 13, 2023) (citing *Burke*, 252 F.3d at 1264).

### III. Analysis

Plaintiffs contend that the settlement is in the best interest of A.R. and C.R. (Doc. 68). Under the terms of the settlement agreement, Defendant agrees to pay A.R. and C.R. confidential sums in exchange for a release of all claims arising from the accident. In reviewing the settlement agreement, the Court finds that it is fair, adequate, and reasonable and demonstrates no evidence of collusion between Plaintiffs and Defendant. Moreover, there appears to be no conflict of interest between A.R and C.R. and their representatives, Kati Rodriguez and Marcos Rodriguez, who are the parents and natural guardians of A.R. and C.R. Thus, appointment of a guardian ad litem is unnecessary.

### IV. Conclusion

Based on the foregoing, the Court finds that Plaintiffs have met their burden for approval of the settlement agreement. Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Unopposed Sealed Motion to Authorize Settlement Agreement (Doc. 68) be granted.

IT IS SO REPORTED in Tampa, Florida, this 24th day of October 2024.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

4

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:   Hon. William F. Jung
      Counsel of Record